IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19 CR 147 |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| -vs- | ) | |
| RAQWAN OFIELD, | ) | PROFFER AND ARGUMENT IN SUPPORT OF DEFENDANT'S REQUEST FOR SETTING OF BOND |
| Defendant. | ) | |
| | ) | |

Now comes defendant, Raqwan Ofield, by and through his undersigned attorney, and respectfully proffers to this Honorable Court factors in support of allowing Ofield's release on bond subject to conditions to be set by this Court. The proffered information and reasons in support of bond are included in the attached argument.

                                                      Respectfully submitted,

                                                      S/David L. Doughten
                                                      DAVID L. DOUGHTEN (#0002847)
                                                      4403 St. Clair Avenue
                                                      Cleveland, OH 44103
                                                      (216) 361-1112
                                                      ddoughten@yahoo.com

                                                      Counsel for Defendant Ofield

## CERTIFICATE OF SERVICE

A copy of the foregoing Motion was served upon all parties through the electronic filing system on this 19th day of March, 2019.

        S/David L. Doughten
        DAVID L. DOUGHTEN

        Counsel for Defendant Ofield

**DEFENDANT OFIELD'S PROFFER AND ARGUMENT IN SUPPORT**

The defendant, Raqwan Ofield, was indicted on March 6, 2019 for a principle count of conspiracy to distribute a large amount of drugs, including cocaine, heroin, fetanyl and derivatives of fetanyl pursuant to 18 U.S.C. §841, 843 and 846.  He was also indicted for the individual offenses related to the illicit drugs.  The Government is moving for the denial of bond due to the potential sentence of greater than ten years. The defendant will proffer the following information at his March 20, 2019 bond hearing and argue for his release.

**Proffered Information**

In addition to the information contained in the pre-trial services report, which is accurate, counsel for Ofield spoke to both the defendant's mother and his girlfriend.  If bond is allowed, Ofield will reside with his girlfriend Shaneice Farley at 3961 Warrendale Road, South Euclid, Ohio 44118.  Ms. Farley is employed by Vista Springs, and assisted living company.  She is a nursing assistant and has been employed by the same company for six years.

Ms. Farley reports that she has four children, ages 3, 5, 8 and 11.  Ofield is not the biological father of any of her children.  She has resided with him for almost a year at this point. Despite not being her children's father, he is playing an important role in her family. Although Ofield is not providing monetary support, which he is not obligated to do, he is essentially doing just that by allowing Farley the ability to work.  As he is not employed, Ofield has provided her children transportation to and from school or daycare on an almost daily basis.  This has permitted Ms. Farley to make it to work in plenty of time, and been able to work overtime when needed without having to worry about being home for her kids.  His presence is not only allowing her to work a full schedule with sometimes evening hours, but also allows her to remain at work when a child is sick or the daycare is closed.

Ms. Farley told counsel that she never saw Ofield use drugs in her residence or invite others not known to her to visit with him there. She indicated that if he was selling drugs, he did not share that with her and that she had seen no sign of it around her home or with her children.

Counsel also spoke with Ofield's mother, Keesha Richardson. Ms. Richardson confirmed most of what Ms. Farley reported, although admittedly she does not know Ms. Farley well. Ms. Richardson stated that she has an extra room in her apartment and would not object to Olfield staying with her if required.

Ms. Richardson reported that Ofield struggled in school. He was always in the "slow" classes and never graduated from high school. She believed that he attempted to gain his GED more than once and did not pass the test. She believes he got frustrated and quit taking the exam. She said that he once had a job, but lost it when he did not pass the exam. She thinks he cannot find employment because of his lack of a diploma.

According to Ms. Richardson, part of his scholastic problem is that he was diagnosed with ADHD. He also suffered from depression, although she did not believe it was a sever depression. She did not know if her son is taking medication for either at this point. She did not think the schools were very helpful in this regard.

His mother also reported that Ofield has one child of his own. She believed that he had a good relationship with the child's mother but did not think he was paying support because he did not have a job.

**Bond Standard**

This Court must make its decision regarding release in accordance with the applicable provisions of the Bail Reform Act, 18 U.S.C. §§ 3142, 3143, and 3145(c) requires the release of

a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act requires release unless no combination of conditions can reasonably assure the appearance of the person and the safety of the community. In determining whether to detain or release a defendant, the court is to consider (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community should the person be released. 18 U.S.C. §3142(g).

**Summary of Factors in Support**

As noted in the pre-trial services report, Ofield has only a single misdemeanor prior for Driving Under Suspension over three years ago.  He was not charged with one of the §922 or §924 offenses.  He is 22 years of age and has no history of violence or domestic abuse allegations.  Thus, he would be a minimal threat to the community if released on bond.

He does have family support, albeit not as much direct family but his current stable relationship.  He has two places in which could reside. His release would assist his girlfriend keep her job and support her family.  He has no known substance abuse issues, which is consistent with his lack of a criminal record.  Finally, Ofield reports that he did turn himself in to the Euclid Police Department the day after he was told to do so.  He turned himself in peacefully.

Counsel cannot comment on the strength of the Government' case as he has had insufficient time to obtain and review discovery.  Nevertheless, even if the evidence in support ot the charges were strong, there is a combination of conditions that would allow him to remain on bond without being a danger to the community.

Wherefore, the defendant Raqwan Ofield respectfully requests that this Honorable Court allow him to be released on conditions this Court deems appropriate to assure his attendance for the duration of his court proceedings.

Respectfully submitted,

 S/David L. Doughten
DAVID L. DOUGHTEN

Counsel for Defendant Ofield